[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This action was brought by the tenants, William and Ellen Blair, against the landlord, Helen Hollingsworth, claiming that the landlord failed to timely return the tenants' security deposit (First count); made improper, false and/or inaccurate claims for damages as an offset against the security deposit (Second Count); failed to comply with CGS 47a-21 (d)(2)(A) or (B) or (1) as to the notice provisions for damage claims against and interest paid on a security deposit (Third Count); violated CGS 47-21 (b)(2) by collecting an excessive security deposit from a tenant over age 62 (Fourth Count); and engaged in unfair and deceptive acts and practices in the conduct of her business as a landlord, in violation of CUTPA (Fifth Count).
The plaintiff tenants have claimed damages of double their security deposit as to Counts One, Two and Three, damages as to Count Four, and damages, punitive damages and attorney's fees as to Count Five, together with interest and costs.
The landlord counterclaimed for damages arising from tenants' damages to and failure to maintain the premises under the lease. This matter was referred to an Attorney Fact Finder on an action for return of security deposit and attendant damages by the Plaintiffs William and Ellen Blair against the Defendant Helen Hollingsworth. The attorney-fact finder was referred the matter and hearings were held on April 16, April 17, and May 30, 1996. A decision and report of the fact finder was rendered October 21, 1996. CT Page 6652
The court has the following authority regarding a fact finder's report. The court may (1) render judgment in accordance with the finding; (2) reject and remand the case to the original fact finder who heard the matter for a rehearing for all or part of the findings of facts; (3) reject the findings and remand the matter to another fact finder for a rehearing; (4) reject the findings and revoke the reference; (5) take any other action the court may deem necessary. Connecticut General Statutes Section 52-549 (s).
The court will not review the background facts as they are clearly stated in the fact finder's report and are summary in nature. The following findings of the fact finder and information contained in the report are sufficient for the court to act under subsection (5) of the Connecticut General Statutes Section 52-549 (s).
The first count relates to the claim by the plaintiffs for damages of twice the security deposit under Conn. Gen. Stat. 47a-21
(d)(4). The defendant through counsel tendered the plaintiffs the sum of $2,540.20 as a return of the security deposit less claimed expenses of damages, the balance of $3,459.80 was withheld. The fact finder found that the balance was not tendered within 15 days, nor was it tendered within 30 days. The fact finder found on December 17, 1993 plaintiffs sent defendant a certified letter requesting the return of the damage deposit but the balance was not returned until December 29, 1993.
The fact finder found the issue of fact for the plaintiffs. The fact finder found and the court accepts the findings that the defendant withheld any refund of any portion of the security deposit and interest until 30 days after termination of the tenancy and more than 15 days after notice of November 22, 1993 which contained the plaintiffs' address. It is clear that the defendant did not return the security deposit until well after the statutory mandated time. Section 47a-21d(2) of the Conn. Gen. Stat. is specific in its providing that any landlord who withholds the security deposit on an itemized listing past the statutory time period "shall be liable for twice the amount or value of any security deposit paid by such tenant." The statutory language is clear. In an action for damages under this provision the damages although punitive in nature are not discretionary with the court.
The court finds the issue of fact for the plaintiffs and awards the sum of $12,000.00 damages in accordance with the Statute. CT Page 6653
As to the findings of the fact finder on the second count, the court accepts the findings of the fact finder and finds the facts as found and awards the defendant the sum of $375.00.
The findings of the fact finder on the Third Count are accepted by the court. As findings for the calculation of interest due, the court awards the sum of $253.42 as interest due to the plaintiffs' security deposit from October 23, 1992 through December 29, 1993.
As to the Fourth Count, the court accepts the findings of the fact finder relative to the issue of the overpayment of the security deposit. The fact finder found that while the defendant knew that Mr. Blair, one of the plaintiffs, was retired she was not told Mr. Blair's age nor did plaintiffs raise the issue of the security deposit in excess of one month until the suit was brought. The court awards $3,000.00 plus interest of $115.93 accrued in this Count since the equitable remedy would be a return of the deposit and the court has made specific rulings in the prior counts.
The Fifth Count of the plaintiffs' complaint alleges a violation of the CUTPA provision of Connecticut law.
The Supreme Court has found CUTPA applicable to landlord tenant transactions. However, the court has found actionable all those events or actions which offend public policy. See also,Kelley Property Development, Inc. v. Lebanon, 226 Conn. 314; Conwayv. Prestia, 191 Conn. 484. Notably the Supreme Court did not characterize the Conway case as holding that a cause of action under CUTPA exists for all landlord actions alleged to be unfair. A three prong test has developed (1) whether the ct, or practice offends public policy; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers. Jacobs v. Healey Ford Subaru, 231 Conn. 707,725.
If there is a claim of negligence all three criteria must be met. The question of whether a single act will support a claim for a violation of CUTPA has been answered in the affirmative. Shaw v.Melville Corp., Judicial District of Litchfield, Docket #066752 May 16, 1995 (Pickett, J.) and other decisions cited in Palmieri v.Smith, Judicial District of Hartford, New Britain, Docket #533684, 9 CSR 891, July 18, 1994 (Hennessey, J.). CT Page 6654
Counsel in the present action acknowledge that under the present caselaw a single act and or actions in landlord-tenant cases admit of the application of the CUTPA provisions.
There is however, aside from the application of the act the question of whether equitable principals apply, in the application of the law to the facts of each individual case.
The court has reviewed the transcripts of the testimony of the parties to this action. One of the major issues in the case was the valuation of a negligently damaged pool cover and other instances of minor damage. The questions involve the timely return of the damage deposit, or the proper itemization of alleged damage. Whether the valuation of the damages was based on a question of a good faith estimate and the issue of communicating it to the plaintiffs. It is the court's finding based on a review of all the evidence contained in the transcripts, that the evidence does not rise to a level where the plaintiffs have proved the necessary elements to sustain a finding of a violation of CUTPA in this case. Accordingly, the court rejects the findings of the fact finder as to the Fifth Count and enters in accordance with the provisions of52-549s(4), and (5) judgment for the defendant on this count
The Court finds in accordance with Conn. Gen. Stat. § 52-549s
for the plaintiffs on Count 1 in the amount of $12,000.00; on the Third Count in the amount of $253.00 plus interest to date of payment; on the Fourth Count $3,000.00 plus interest in the amount of $115.25 plus interest until paid. The court finds for the defendant as to the Second Count in the amount of $375.00 together with interest until paid and for the defendant on Count Five. The provisions of Conn. Gen. Stat. 52-549 limit recovery of any party to proceedings under the chapter to $15,000.00. Accordingly, judgment may enter for the plaintiffs for the total sum of $15,000.00 on Counts 1, 3, and 4.
Judgment may enter for the defendant in the amount of $375.00 plus interest on Count Two, with judgment for the defendant on Count Five.
KOCAY, J.